IVAN GRAYSON V. STATE.

No. 25073. January 10, 1951.
Rehearing Denied March 14, 1951.

*Pat Beadle,* Clarksville, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for rape, with a sentence of five years in the penitentiary.

Appellant is a married man and was formerly married to an aunt of the prosecutrix and had known her all of her life. He lived neighbors in a remote community of Red River County. On the night of March 1st, 1950, she slipped away from her home after the family had retired and was met in a road, or pathway, by appellant and his wife, apparently by appointment. They took her to their home and secreted her for a few days under the promise to the child that he would take her to Wichita Falls. The parents instituted a search and did not find her until the 18th day of April when they found her in Greenville.

On the 24th day of April, 1950, the grand jury returned an indictment which was docketed as Cause No. 11854. On the same date another indictment was returned against appellant charging rape of the same girl and alleging the date of the offense as the 1st day of March, 1950. There were then pending at the time of the trial of the case, after its transfer to Bowie County, two indictments against appellant charging rape of the same person at two different dates. The state announced ready in Cause No. 11854 and went to trial.

The only evidence in the case as to rape, within the period of one year, fixed the date as March 1, 1950, the same as alleged in the indictment in Cause No. 11855. When the evidence was offered appellant objected on the ground that he was on trial under an indictment alleging rape of date April 13, 1950; that the state has already elected to prosecute the defendant for the offense committed on March 1, 1950, as shown by copy of bill of indictment attached to appellant's bill. He further objected that it was incompetent, irrelevant, immaterial and prejudicial in that it is evidence of a separate, distinct and extraneous offense.

In his brief appellant summarizes the facts very accurately and definitely. Under the heading of "Authorities" he says, "No citation of authority is deemed necessary." We agree to the foregoing statement. We have searched for the very same question but are unable to find that the identical question has ever been before this court in exactly the same dress. Probably it never will be again. If it is, our holding herein will be authority sustaining the court's action.

It will be conceded that under the indictment charging the offense was committed on April 13, 1950, the state could have proven a rape at any date within a year prior to the indictment. The fact that the grand jury returned more than one indictment will not change the situation. An examination of the record shows that the state offered no proof of a rape on April 13th. At that date it is shown that the whereabouts of the prosecuting witness was unknown, and not within the community where appellant lived. Five days after April 13th she was located by her father in Greenville. He brought her home, had her examined by a physician and the prosecution seems to have been instituted immediately.

The pertinent evidence which the prosecuting witness gave in this case is not in dispute. Appellant did not testify. She involved the wife of appellant as a principal in the affair, but the record does not show an indictment returned against her. She gave no evidence in the case and, regardless of the apparently low character of the parties involved, the jury heard the girl's testimony and believed it to the extent that they gave the appellant the low penalty of five years in the penitentiary. We see no grounds for disturbing their finding.

One other bill complains of the admission of the testimony of the prosecuting witness that she had intercourse with appel-

lant at a time a little more than a year previous to the return of the indictment in this case. As a qualification to this bill the court says that the defendant, on cross-examination, inquired of the prosecutrix if she ever had an act of intercourse before the time testified to by her on direct examination. An examination of the bill and of the record shows that the testimony complained of was admitted following this cross-examination. The defendant having asked the question, it is proper that the state go into the matter further and have the facts fully developed.

We find no reversible error and the judgment of the trial court is accordingly affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant again urges that the evidence is insufficient to sustain the verdict. He further insists that we erred in overruling his bills of exception relating to the testimony of the prosecutrix as to a previous act of intercourse with appellant about a year prior to the act relied upon by the state.

We remain convinced that the evidence is sufficient, and that the case was properly disposed of in our original opinion.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.