## T. J. ARMSTRONG V. STATE

No. 31,345. January 27, 1960

No attorney for appellant of record on appeal.

*Leon Douglas* State's Attorney, Austin, for the state.

**WOODLEY, Judge**

The offense is rape; the punishment, life.

Prosecutrix is the ten-year-old stepdaughter of appellant. She testified that while her mother was away in the afternoon, appellant called her in from play and put her on the bed, pulled her pants down and put his "wee wee" or private parts into hers. She testified that Buddy Albert came near the house and she told appellant to quit, and he jumped up and went into the front bedroom.

Albert testified that he heard the little girl hollering; that he saw appellant on top of her; that her dress was up and appellant was between her legs; and that he told the girl's mother what he had seen.

The doctor who examined the child testified that he found a scratch area at the opening of the vagina; a contusion or

bruise on the lip of the vagina, and that he took a vaginal smear and found male sperm.

Appellant did not testify.

No brief has been filed in appellant's behalf and the record contains but two exceptions.

The first informal bill complains that the prosecutrix was permitted to testify that appellant was guilty of similar conduct toward her the previous Friday night.

Such testimony was admissible. Johns v. State, 155 Tex. Cr. R. 503, 236 S.W. 2d 820, and cases cited; Bates v. State, 165 Tex. Cr. Rep., 140, 305 S.W. 2d 366.

The other informal bill complains that the doctor was permitted to testify, based upon his experience and qualification and the contusions, the sperm cells and the fact that the hymen was not intact, that there was penetration inside the lips of the vagina: "You couldn't say definitely what the penetration was except there is only one organ that carries sperm."

If there was merit in the objection to the question as to what, in his opinion, could have caused the penetration, and we see none, the doctor's answer removed any error.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgement is affirmed.