**Harold James GRANTOM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40371.**

Court of Criminal Appeals of Texas.

May 31, 1967.

Frank Mabry, Edward Woods, Houston, George W. Morris, Conroe, for appellant.

W. G. Woods, Jr., Dist. Atty., Liberty, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is statutory rape; the punishment, 25 years.

The indictment returned July 6, 1966, alleged that the offense was committed on or about the 19th day of July, 1965.

The evidence reflects that appellant had many acts of sexual intercourse with his stepdaughter Mary _____, when she was 14 years of age, several of which occurred in Liberty County during the month of July 1965.

Appellant's first ground for reversal relates to the court's charge wherein the jury was instructed:

"Therefore, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Harold James Grantom, in the County of Liberty and State of Texas, and on or about the 19th day of July, 1965, or at any time within one year before the filing of the indictment, did then and there unlawfully in and upon Mary _____ make an assault, and the said Harold James Grantom did then and there ravish and have carnal knowledge of the said Mary _____, a female then and there under the age of fifteen years, she the said Mary _____ not being then and there the wife of the said Harold James Grantom, and the male organ of Harold James Grantom did then and there penetrate the female organ of Mary _____, then he would be guilty as charged."

Article 12.02 C.C.P. provides: "An indictment for rape may be presented within one year, and not afterward."

■ It is well settled that the state is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitations. Faulkner v. State, Tex.Cr.App., 390 S.W.2d 754; Rangel v. State, 171 Tex.Cr.R. 620, 352 S.W.2d 275; Grayson v. State, 155 Tex. Cr.R. 500, 236 S.W.2d 792.

■ The court's charge gave effect to such rule and allowed the jury to convict upon a finding beyond a reasonable doubt that appellant had sexual relations with the 14 year old girl in Liberty County within one year prior to July 6, 1966, when the indictment was presented. Art. 12.02 C.C.P.

The charge was appropriate because the evidence does not clearly reflect that either of the several acts of intercourse occurred on July 19th, 1965, though the evidence was sufficient to show that one or more of such acts that occurred in the month of July 1965 were committed after July 6th and within the one year period of limitations.

■ Other prior acts of intercourse were proved without objection. In prosecutions for statutory rape, testimony of other acts of intercourse upon the complaining witness, either prior or subsequent to the date charged, can be utilized by the jury in determining whether the particular act relied upon by the state was committed. Johns v. State, 155 Tex.Cr.R. 503, 236 S.W.2d 820; Bates v. State, 165 Tex.Cr.R. 140, 305 S.W.2d 366; Armstrong v. State, 169 Tex.Cr.R. 1, 331 S.W.2d 331.

As to the objection that the above quoted portion of the charge was a comment upon the weight of the evidence, the court correctly commenced this portion of the charge by stating that the evidence could not be considered unless the jury believed beyond a reasonable doubt that other acts of intercourse were in fact committed.

Appellant made no objection to the charge on the ground that the charge did not limit the jury's consideration of evidence as to other acts of intercourse to the purpose for which it was admitted, and his point of error in that regard is not before this court for review.

Appellant's point of error concerning the trial court's failure to sustain his objection to testimony of the complaining witness about illicit acts other than sexual intercourse committed by appellant upon her is overruled. Martin v. State, Tex.Cr.App., 400 S.W.2d 919.

█ Appellant's remaining ground of error presents the novel contention that the trial court erred in failing to grant his motion for mistrial when the district attorney, in his argument to the jury *at the hearing on punishment* (at which appellant testified) commented on his failure to testify at the trial on the issue of guilt or innocence.

The court sustained appellant's objection and instructed the jury to disregard the remark of the district attorney. We do not agree that the trial court erred in refusing to declare a mistrial under the rule applicable to references to the defendant's failure to testify in jury argument at the main trial.

The judgment is affirmed.