Joseph **FONTENOT**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–85–0413–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 3, 1986.

James H. Stoker, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Kathy Giannaula, Norma Mancha, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before DUNN, DUGGAN and LEVY, JJ.

## OPINION

DUNN, Justice.

A jury found appellant guilty of the offense of aggravated sexual abuse of a child, and assessed his punishment at 50 years confinement. The indictment alleged that, on or about August 30, 1983, appellant intentionally and knowingly, with intent to arouse and gratify his own sexual desire, did engage in deviate sexual intercourse with the complainant, a child less than 14 years and not appellant's spouse, by placing his penis in the complainant's mouth. The complainant, appellant's stepson, was 11 years old at the time of trial. He testified in open court and was subject to thorough cross-examination. Appellant does not challenge the sufficiency of the evidence.

In his first two grounds of error, appellant complains of the following jury instruction:

Your honor, I have no problem with the charge except for two points. One is the next-to-the-last paragraph on the first page, which is the inclusion of the entire paragraph about the State being able to prove something that was committed any time prior to that. There is case law which says that the indictment should be so specific as to put the defendant on notice as to what he is charged with as to the date, time, place, et cetera. And if these instructions permit conviction on dates so far afield from the ball park date of August the 30th in the indictment, I don't think that would meet that requirement.

Even if a proper objection had been made, however, appellant's contention would be meritless.

The specific acts with which appellant is charged constitute a first degree felony both before and after September 1, 1983.

You are further instructed that the State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed, but that a conviction may be had upon proof that the offense, if any, was committed at any time prior to the filing of the indictment which is within the period of limitations. The limitation period applicable to the offense of aggravated sexual abuse is three years prior to August 16, 1984, the date of the filing of the indictment.

■ Initially, appellant argues that the instruction permitted the jury to consider offenses committed after September 1, 1983, the effective date of repeal of sections 21.05 and 21.10 of the Texas Penal Code, under which he was tried. Appellant contends that aggravated sexual abuse no longer existed as a crime under Texas law after September 1, 1983, and that it was reversible error for the trial court to permit the jury to convict him of a non-existent crime.

Appellant failed to make this objection to the jury charge at trial, and therefore failed to preserve error. *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App. 1985). The objection to the charge made by appellant's trial counsel reads as follows:

Prior to that date, a conviction for aggravated sexual abuse was authorized upon proof that the accused, with intent to arouse or gratify the sexual desire of any person, engaged in deviate sexual intercourse (any contact between any part of the genitals of one person and the mouth or anus of another person) with a child, not his spouse, whether the child is of the same or opposite sex, and the victim is younger than 14 years. *See* Ch. 202, secs. 1, 2, 1981 Tex.Gen.Laws. It is well-settled that the intent to arouse or gratify the sexual desire of any person can be inferred from the sexual act itself. *O'Neill v. State,* 681 S.W.2d 663 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

Effective September 1, 1983, Penal Code sections 21.05 and 21.10 were repealed, and sections 22.011 and 22.021 were enacted by Ch. 977, secs. 3, 12, 1983 Tex.Gen.Laws 5312–5313, 5315, 5321. A conviction for aggravated sexual assault is now authorized upon proof that the accused intentionally or knowingly caused the penetration of the mouth of a child younger than 14 years by the sexual organ of the actor. *See* Tex.Penal Code Ann. secs. 22.011 and 22.021 (Vernon Supp.1986).

We conclude that there was sufficient evidence for the jury to find that appellant had committed an offense that constituted a first degree felony both before and after September 1, 1983, and that the charge properly instructed the jury of the essential elements of the offense.

Appellant's first ground of error is overruled.

In his second ground of error, appellant maintains that the trial court erred in instructing the jury that the State was not bound by the date alleged in the indictment.

The complainant testified that acts of sexual abuse had been perpetrated upon him since he was 6 or 7, although he could not remember specific incidents of the early assaults. The complainant also testified, in detail, to acts of oral and anal intercourse forced upon him by appellant in the late summer of 1983, when the complainant was 9 years old. He specifically remembered that these acts occurred after he returned from summer vacation and before he went to Minnesota in October. The date alleged in the indictment, August 30, 1983, approximates this period of time.

The jury was instructed that a conviction could be had upon proof that the offense was committed at any time during the applicable limitations period, i.e., between August 16, 1981, and August 16, 1984. Appellant contends that the State is required to make an election of which act of sexual abuse it intends to rely upon for conviction, and if such an election is not made, the trial court is required to limit the jury's consideration to one specific act.

However, the trial court's instruction is in strict compliance with Tex.Code Crim.P. art. 21.02 (Vernon 1966), which requires that the time mentioned in an indictment be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation. Here, the indictment was filed on August 16, 1984 and the applicable limitations period is 3 years.

Also, the case law is well-settled that when an "on or about" date is alleged as the date of commission of the offense, the State is not bound by the date alleged, and a conviction may be had upon proof that the offense was committed at any time that is within the period of limitations and prior to the return of the indictment. *Grantom v. State,* 415 S.W.2d 664 (Tex.Crim.App. 1967). In *Grantom,* as in the present case, the evidence did not clearly reflect that the offense occurred on the date alleged in the indictment, although the evidence was sufficient to show that acts constituting the offense occurred within the limitations period. The *Grantom* court held that an instruction that permitted the State to prove that the offense occurred within the limitation period was proper, and it overruled defendant's argument that an election was required.

Accordingly, we overrule appellant's second ground of error.

In his third and final ground of error, appellant argues that the trial court erred in permitting testimony from a therapist that was not permitted by any exception to the hearsay rule.

The therapist testified, over appellant's objection, that appellant had stated that "to teach [the complainant] a lesson," appellant had "pulled his pants down to teach him what that was like." The therapist was unsure whose pants were pulled down, the complainant's or appellant's, although she thought that it was the former.

Appellant contends that this equivocal testimony was highly prejudicial and created the inference that the "discipline" involved the type of sexual conduct of which appellant was accused. Therefore, appellant concedes that the statement made by him is an admission by a party-opponent, and is not hearsay. Generally, the acts or declarations of an accused from which guilt may be inferred are receivable against him as admissions. *Russell v. State*, 598 S.W.2d 238, 254 (Tex.Crim.App. 1980); Tex.R.Evid. 801(e)(2). Further, in cases involving indecency with a child, evidence is admissible if it establishes either the probability that the accused committed the offense or that he paid unnatural attention, or displayed an unnatural attitude toward the victim, or had lascivious intent toward the victim. *Lewis v. State*, 676 S.W.2d 136, 139 (Tex.Crim.App.1984). We hold that the admission of the therapist's testimony was not error.

Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.