**Michael Jacob LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00492–CR.**

Court of Appeals of Texas,
San Antonio.

April 9, 1986.

Discretionary Review Refused
July 23, 1986.

Lauro Benavides, Laredo, for appellant.

Julio Garcia, Dist. Atty., Laredo, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

TIJERINA, Justice.

Appellant was convicted of sexual assault. The jury found appellant guilty as charged and assessed the punishment at eighteen (18) years' confinement. We affirm.

The initial complaint concerns the trial court's refusal to allow cross-examination and other testimony on alleged prior promiscuous conduct of the complainant. The complainant, the fifteen year old daughter of appellant, testified that on June 8, 1984, her father told her to go to the trailer and prepare to have sex. She complied and thereafter appellant arrived and they engaged in sexual contact, oral sex and sexual intercourse. She admitted that she and appellant had engaged in sexual activity on previous occasions. The instant sexual assault was reported to the police on July 2, 1984. Appellant was permitted to perfect a bill of exceptions wherein the previous promiscuous behavior of the complainant was detailed. There was testimony that she had engaged in sex with four men at the same time.

■ Appellant argues that the evidence on the complainant's promiscuous conduct was essential to establish the defense of consent. TEX. PENAL CODE ANN. § 22.-011(d)(1) (Vernon Supp.1986) provides:

(d) It is a defense to prosecution under Subsection (A)(2) of this section that:

(1) The child was at the time of the offense 14 years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that subsection.

However, the record clearly shows that appellant has never argued that the complainant consented to the sexual assault. Appellant denied having sexual contact with the complainant and claimed that he and his wife were in San Antonio on the day of the alleged assault. The rule in Texas is that the issue of consent is not raised by a plea of not guilty. *Roper v. State*, 375 S.W.2d 454, 456 (Tex.Crim.App. 1964).

Testimony that prosecutrix had promiscuously engaged in sexual contact with others is not admissible unless it tends to solve an issue in the case. Unchastity is a defense in a rape case only when consent is an issue. *Johnson v. State*, 633 S.W.2d 888, 891 (Tex.Crim.App.1982); *Wright v. State*, 527 S.W.2d 859, 863 (Tex.Crim.App. 1975). Moreover, the court is empowered by statutory authority to exclude evidence of the victim's prior promiscuous conduct if the court finds that such evidence is not material to a fact at issue in the case. TEX. PENAL CODE ANN. § 21.13. Therefore, the question of the prior chastity or promiscuous conduct of the complainant with others was irrelevant and not admissible. The first ground of error is overruled.

■ The next complaint concerns the admissibility of evidence regarding extraneous offenses. The complainant was allowed, over objection, to testify to previous sexual encounters with appellant dating back to when she was eight years of age. As a general rule, extraneous offenses are not admissible since such evidence is considered inherently prejudicial, tends to confuse the issue in the case and compels the accused to defend himself against charges, without prior notice. *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972). There is, however, an exception to this rule in cases involving the rape of a child. The undisturbed rule in this regard was stated in *Grantom v. State*, 415 S.W.2d 664 (Tex. Crim.App.1967):

In prosecutions for statutory rape, testimony of other acts of intercourse upon the complaining witness, either prior or subsequent to the date charged, can be utilized by the jury in determining whether the particular act relied upon by the state was committed.

*Id.* at 665; *accord Garcia v. State*, 629 S.W.2d 196, 198 (Tex.App.—Corpus Christi 1982, pet. ref'd). Extraneous offenses are admissible in evidence to rebut an alibi defense, to show the probability of the act charged, and to establish the unnatural attention of appellant to the victim. *See Mc-*

**736** <span style="background:black;color:black"></span>

*Donald v. State*, 513 S.W.2d 44, 51 (Tex. Crim.App.1974). Accordingly, appellant's second ground of error is overruled.

Appellant's third complaint is that the court committed reversible error in not permitting him to impeach the testimony of the witness Elsa Cantu. He argued that this witness could attest to prior inconsistent statements by the complainant at a hearing in County Court at Law in another matter. The court offered appellant an opportunity to perfect a bill of exception on this issue, but he failed to do so. There are no authorities cited by appellant in support of his contentions in this regard. Appellant's third ground of error is overruled.

■ In his fourth assignment of error, appellant complains that the trial court erroneously denied the motion for a new trial. The specific objection was predicated on the following interrogation by the State:

Q: Officer, did Michael Lewis tell you also how many times he had sexually assaulted his daughter?

The trial court sustained appellant's objection and instructed the jury to disregard the questions, but denied the motion for mistrial. Appellant again fails to cite any authorities in support of his assertion of error. The instruction to disregard would appear to have cured any error. *Lovilotte v. State*, 550 S.W.2d 75, 77 (Tex.Crim.App. 1977). Moreover, we have approved of testimony of extraneous offenses concerning appellant's previous sexual contact with the complainant. The error, if any, was therefore harmless. Appellant's fourth ground of error is overruled.

■ Appellant's fifth complaint is that the trial court erred in ordering the attorney ad litem for the complainant and her sister to answer the prosecution's questions about a statement made by the sister. Appellant urges that the statement was a privileged communication between attorney and client. A communication is subject to the privilege if it is "not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal servic-

es to the client." TEX.R.EVID. 503(a)(5). Here, the statement was made in the presence of the complainant and a Department of Human Resources caseworker, both of whom the complainant's sister considered to have interests adverse to her own at the time. The statement was not intended to be confidential and, therefore, is not a privileged communication. Appellant's fifth ground of error is overruled.

■ Finally, appellant complains that the records of Family Services Association were erroneously admitted in evidence. He urges that TEX.REV.CIV.STAT.ANN. art. 5561h, § 4(a)(5) (Vernon Supp.1986) requires an in-camera inspection by the trial court to determination of relevancy. However, appellant's objection at trial was that the records at issue were privileged pursuant to Title 92, Mental Health Code, Article 5561h, § 4(a). Where the objection made during trial is not the same as that urged on appeal, the complaint is not preserved for review. *Beck v. State*, 682 S.W.2d 550 (Tex.Crim.App.1985). Therefore, appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.