Harold Edward HISLOP,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00005–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 8, 2001.

Decided Nov. 30, 2001.

Steven R. Miears, Telephone, for appellant.

James S. Moss, Special Assistant County Attorney, Michael Skotnik, Assistant District Attorney, Bonham, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

DONALD R. ROSS, Justice.

Harold Hislop, Jr. appeals from his conviction by a jury for the offense of murder. The jury assessed his punishment at seventy-five years' imprisonment and a $10,000.00 fine. Hislop raises a single issue on appeal, contending the trial court committed reversible error by admitting into evidence a letter containing an apparent confession to the crime because the State did not provide handwriting analysis or use other methodology to show Hislop had written the letter.

Hislop, a forty-two-year-old physically disabled man, lived with his eighty-year-old mother, and the evidence shows he had acted as her caretaker for approximately ten years. There is also evidence Hislop's mother had bone cancer, and her prognosis was extremely poor. Because of the mother's physical condition, as well as Hislop's infirmities, a neighbor became con-

cerned when Hislop informed him he was hiring a nurse and planned to take his mother to New England in a motor home. The neighbor attempted to confirm the story without success. Shortly thereafter, Hislop called the neighbor's teenage daughter and told her his mother had just died and he could not continue living. When the neighbor arrived at Hislop's house, he found Hislop with several firearms, which he took from Hislop. When police arrived, they found the mother's bedroom sealed with masking tape and found towels stuffed under the door.

They opened the door, were met by a terrible odor, and found the mother's decomposing body. She had been stabbed thirty-nine times and had been dead for at least three days.

Hislop directed the police to a sealed, handwritten letter lying on the television. The letter states in part that, "I, Harold Edward Hislop Jr. did terminate the life of my suffering 80 yr old mother . . . so that she would no longer be suffering. . . ." It is then signed "Harold E. Hislop Jr." Hislop admitted to a neighbor, in front of two police officers, that he had killed his mother and that it was a mercy killing. Hislop's defense was based on the theory that he did not kill his mother, but that his estranged sister had done so and had framed him.

We now turn to Hislop's contention regarding the admissibility of the letter. Counsel objected to the admission of the letter into evidence as follows: "Your Honor, until further evidence is exhibited to show who wrote these letters, I'm going to object to their content being hearsay." The court overruled the objection and admitted the letter into evidence.

■ Hislop objected to the introduction of the letter on the ground it was inadmissible hearsay. The trial court overruled the hearsay objection without stating the basis for its ruling. The out-of-court declarations of a defendant, offered for the truth of matters asserted therein, are not considered hearsay when they are offered against that party. Tex.Code Crim. Proc. Ann. art. 38.21 (Vernon 1979); Tex.R. Evid. 801(e)(2); *Lewis v. State,* 815 S.W.2d 560, 568 (Tex.Crim.App.1991). Generally, the acts or declarations of an accused from which guilt may be inferred are receivable against the accused as admissions. *Russell v. State,* 598 S.W.2d 238, 254 (Tex. Crim.App.1980); *Fontenot v. State,* 708 S.W.2d 555, 558 (Tex.App.—Houston [1st Dist.] 1986, pet. dism'd).

In this case, if the letter is shown to be Hislop's, it falls within the category of admissions by him and is therefore not hearsay.

Counsel argues that the objection was actually directed to the question of whether there was proof the document was actually written by Hislop. The way the objection was phrased, this is not an accurate description. Counsel objected that the letter was hearsay-until testimony was elicited to show Hislop wrote the letter. The objection is not based on hearsay, however, but is instead a complaint that there was insufficient evidence to permit the court to make an initial determination that the letter was written by Hislop.

Hislop complains on appeal that the entire basis for his objection was the State's failure at that point to lay a predicate for the introduction of the letter to show that Hislop was its author. This type of objection is properly raised under Rule of Evidence 901, which provides in part that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Tex.R. Evid. 901. The objection made is

arguably insufficient to preserve this complaint for appellate review. TEX.R.APP. P. 33.1.

In this case, although the objection was imprecisely made, we find it sufficient to direct the trial court's attention to the complaint and thus adequate to preserve the complaint for review.

■ Rule 901 contains an illustrative list of ways in which a document can be authenticated. None of those options was exercised in this case. There was no handwriting comparison either by an expert, the trier of fact, or by a nonexpert witness, and there was no testimony by a witness with knowledge. At the time the letter was admitted into evidence, a paramedic had testified Hislop told him he had used a knife and killed his mother. Further, Officer George Robinson testified he found two letters underneath a billfold, which were on top of the television beside the couch on which Hislop was lying. The letters were handwritten and contained the signature of "Harold E. Hislop Jr." and were in envelopes containing his return address. One letter apparently contains a' confession by Hislop to the crime, and the other is a letter to his veterinarian, containing $100.00, asking the veterinarian to care for his cat. Authentication as a condition precedent to admissibility is established by evidence that the matter in question is what its proponent claims. TEX.R. EVID. 901(a); *Mega Child Care, Inc. v. Texas Dep't of Protective and Regulatory Servs.*, 29 S.W.3d 303, 308 (Tex.App.—Houston [14th Dist.] 2000, no pet.).

At the time the letter was admitted into evidence, there was also evidence before the court that Hislop had called a neighbor stating his mother was dead, testimony from the neighbor that Hislop had admitted stabbing his mother, testimony from a paramedic that Hislop had admitted stabbing his mother, and the fact that the documents were found in close proximity to Hislop, underneath his billfold, on the television. Both letters contained what appeared to be Hislop's signature and return address.

There are cases holding that a signature on a document is insufficient, standing alone, to establish the authenticity of the document. *See Missouri v. Davis,* 849 S.W.2d 34, 41 (Mo.Ct.App.1993), *citing Cummins v. Dixon,* 265 S.W.2d 386, 394 (Mo.1954). That is not, however, our situation. In addition to Hislop's signature on the documents and his return address on the envelopes, there are also his oral admissions that he had committed the offense in the manner described by the letter, the proximity of the letters to him, and their location under his own billfold. We find this combination of factors serves to provide an adequate level of authentication to meet the initial criteria of Rule 901 and provides the necessary condition precedent to admissibility.

■ Even if the letter was not properly admitted, it is not apparent the error would affect Hislop's substantial rights [1] under the facts elicited at trial. The State presented evidence regarding multiple statements made by Hislop admitting the crime, evidence admitted after the letter had been admitted that Hislop told the police to look for the letters and where they were located, and that Hislop told an officer there was a written confession in one envelope and a letter to the veterinarian in the other envelope. Harm is not shown under these facts.

The judgment is affirmed.

GRANT, J., concurs.

---

1. TEX.R.APP. P. 44.2(b).

BEN Z. GRANT, Justice, concurring.

The State is required under Rule 901 to provide sufficient evidence to show that the proposed exhibit is what it purports to be. TEX.R. EVID. 901.

The following constitutes the predicate laid for purposes of introducing the letter purportedly written by Hislop:

Q. Okay. And I hand you what's been marked as State's Exhibit Number 10.

A. It's a billfold and two letters what we located on top of the TV that was located on the—the—I can't think of what it's called. It was located right beside the couch on the coffee table.

Q. Okay. Okay. The TV was on the coffee table right beside the couch?

A. Correct. They were located on top of the TV part.

Q. Okay. I'll hand you what's been marked as State's Exhibit Number 19, and ask you if that's one of the letters that was depicted in State's Exhibit Number 10.

A. Yes, sir, it is.

Q. Okay. You found that on top of the TV underneath the billfold?

A. Yes, sir.

Q. I'll hand you what's been marked as State's Exhibit Number 20, and ask you if that's one of the letters that's depicted in State's Exhibit Number 10.

A. Yes, sir, it is.

MR. MOSS: Your Honor, we offer State's Exhibit Number 20 and State's Exhibit Number 19, and their contents.

MR. NIX: Your Honor, until further evidence is exhibited to show who wrote these letters, I'm going to object to their content being hearsay.

THE COURT: Let me see them. Overrule the objection. The exhibits are admitted.

At that point in the trial, the prosecution read the letter in question to the jury. No evidence of any nature was offered to show that the letter in question contained the handwriting or signature of Hislop, not by comparison, not by a writing expert, not by a person familiar with Hislop's handwriting, and not by a person who saw him write the letter. Although not authenticated, the majority opinion in justifying its admission in evidence refers to the exhibit as containing Hislop's signature.

The majority suggests that the proper objection was not made, but an immediate objection was made that no evidence had been offered to show who wrote the letter and that the content was hearsay. TEX.R. EVID. 901 requires authentication, and in the present case, there was none. Thus, there was no evidence to show that the proposed exhibit was what it was purported to be, i.e., a letter written by Hislop. The content of the letter was hearsay inasmuch as it was an out-of-court statement offered into evidence to prove the truth of the matter asserted. See TEX.R. EVID. 801(d). The statement could have been admitted under one of the exceptions to the hearsay rule, e.g., TEX.R. EVID. 803(24), a statement subjecting the declarant to criminal liability, if the State had first established that the written statement was made by Hislop.

The majority opinion seeks to bootstrap this out-of-court declaration by assuming that it is a declaration made by the defendant and offered against him; however, to fit within the exception, there must first be evidence that the letter was a statement made by the defendant.[2]

---

**2.** I recognize that in some situations, the content of a document may be used along with other circumstances to justify its admission into evidence. In construing the similar fed-

I concur in the results in the alternative reason set forth by the majority opinion that this is not a reversible error because of the other strong evidence introduced against Hislop that proves the same matters as the content of the letter. Pursuant to TEX.R.APP. P. 44.2(b), such an error must be disregarded when it does not affect the substantial rights of the defendant.

For the reasons stated, I concur.

eral rule, the Eighth Circuit determined that the content of a writing may be used to aid in determining the identity of the declarant. *United States v. Wilson*, 532 F.2d 641, 644 (8th Cir.1976). This can occur when the writing deals with a matter sufficiently obscure or particularly within the knowledge of the person so that the content of the writing is not a matter of common knowledge. *See* 5 J. WEIN- STEIN & M. BERGER, WEINSTEIN'S EVIDENCE, P 901(b)(4)[01], at 901–49 (1990).