COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
   
NO. 2-03-099-CR
           
                                        NO. 2-03-100-CR

  
CARLUS 
LEE WILLIAMS                                                         APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        After 
a jury trial, Appellant was convicted of unlawful possession of a firearm and 
aggravated assault and sentenced to twenty years and twenty-five years’ 
confinement respectively in the Institutional Division of the Texas Department 
of Criminal Justice. In one point, Appellant complains that the trial court 
erred in admitting a letter allegedly written by Appellant because the letter 
was not sufficiently authenticated and was therefore inadmissible. Because we 
hold that the admission of the letter was harmless, we affirm the trial 
court’s judgments.
        Jason 
Brasher, Appellant’s former next-door neighbor, testified that on July 30, 
2002, the day after he had met Appellant, who had identified himself as Black, 
brought an SKS rifle into Jason’s home. A few minutes later, Appellant took 
the rifle out on the porch and shot at the complainant. Jason testified that 
after he told the police what had happened, Appellant spoke to him when he 
called from jail to his own home and told Jason that he was not mad at him for 
talking with the police.
        Two 
and a half weeks before trial, Jason testified, Appellant sent a letter in the 
mail to Jason’s former house. Jason’s brother delivered it to him. The 
letter was addressed to Lil “J,” which was not Jason’s nickname. The 
sender of the handwritten letter was identified at the bottom of the page as 
Black. Appellant was the only person Jason knew who went by that name. The 
letter references the prior communication and discusses the shooting, the 
complainant, the trial, the trial date, Appellant’s defense strategy, and 
Jason’s alleged drug dealing. The purpose of the letter was to discourage 
Jason from testifying. Jason testified that he was not familiar with 
Appellant’s handwriting. The text and signature of the letter were printed, 
not cursive.
        Other 
items in evidence included two stipulations bearing Appellant’s cursive 
signature of his given name and a Greyhound Lines, Inc. luggage tag bearing 
Appellant’s hand-printed name, address, and telephone number. No evidence 
suggested that the luggage tag was prepared by Appellant.
        Rule 
901(a) provides that “[t]he requirement of authentication . . . as a condition 
precedent to admissibility is satisfied by evidence sufficient to support a 
finding that the matter in question is what its proponent claims.”[2]  Rule 901(b)(4) provides that authentication can be 
provided by “[a]ppearance, contents, substance, internal patterns, or other 
distinctive characteristics, taken in conjunction with circumstances.”[3]
        In 
Hislop v. State, a letter was admitted over the defendant’s objections 
that the letter could not be sufficiently tied to him. The court of appeals held 
that the combination of Hislop's purported signature on the document, his return 
address on the envelope, his oral admissions that he had committed the offense 
in the manner described by the letter, the proximity of the letter to him, and 
its location under his own billfold provided sufficient authentication.[4]  In Angleton v. State, the court of appeals 
implicitly held that typewritten and handwritten notes found in the 
defendant’s brother’s briefcase were sufficiently authenticated by details 
linking the defendant to the planning and execution of the defendant’s 
wife’s murder, including such sensitive information as the alarm code and gate 
code to their house and an outline of the plan for the murder.[5]
        The 
State has cited us to no precedent, however, nor have we found any, that would 
justify the admission of the letter in this case. This letter was allegedly 
delivered to Jason by his brother, who did not testify. While it allegedly came 
in the mail, no envelope was introduced into evidence. Unlike the documents in Angleton 
and Hislop, this letter was found nowhere near Appellant or his 
possessions. Unlike the defendant in Hislop, no evidence in this case 
other than the letter showed that Appellant had confessed to the crime. Based on 
the law and the evidence in the record before us, we hold that the trial court 
abused its discretion in admitting the letter.
        The 
trial court’s error in admitting the letter, however, was harmless.[6]  Jason’s eyewitness testimony, excluding all 
information about the letter, Appellant’s stipulation that he was a felon, and 
the evidence that Appellant was arrested with a Glock right next to him on top 
of his gym bag were enough to support his convictions. Further, Appellant 
stipulated to the prior convictions described in the three enhancement 
paragraphs in each case.
        Appellant 
chose to go to the trial court for punishment. After receiving the evidence, the 
trial court entered a deadly weapon finding in each case and sentenced Appellant 
to the maximum confinement (twenty years) for the unlawful possession of a 
weapon offense[7] but only twenty-five years’ 
confinement for the aggravated assault, which in this case had a punishment 
range of five to ninety-nine years or life, plus up to a $10,000 fine.[8]  Because we conclude that the error did not have a 
substantial or injurious effect on the verdict and sentence and did not affect 
Appellant’s substantial rights, we overrule his sole point and affirm the 
trial court’s judgments.
 
  
                                                                  PER 
CURIAM
  
PANEL F:   DAUPHINOT, 
J.; CAYCE, C.J.; and WALKER, J.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 26, 2004
 

NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Tex. R. Evid. 901(a).
3. 
Tex. R. Evid. 901(b)(4).
4. 
Hislop v. State, 64 S.W.3d 544, 546 (Tex. App.—Texarkana 2001, no 
pet.).
5. 
Angleton v. State, 955 S.W.2d 655, 658 (Tex. App.—Houston [14th 
Dist.] 1997), rev’d on other grounds, 971 S.W.2d 65 (Tex. Crim. App. 
1998).
6. 
See Tex. R. App. P. 
44.2(b); Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op 
on reh’g), cert. denied, 526 U.S. 1070 (1999); Coggeshall v. State, 
961 S.W.2d 639, 642–43 (Tex. App.—Fort Worth 1998, pet. ref’d) (en banc).
7. 
See Tex. Penal Code Ann. § 
12.33 (Vernon 2003) (providing range of punishment for second degree felony is 
two to twenty years plus up to $10,000 fine); id § 12.42(a)(3) (Vernon 
Supp. 2004) (providing prior felony conviction enhances punishment for third 
degree felony to punishment for second degree felony ); id. § 46.04(a), 
(e) (providing unlawful possession of weapon is third degree felony).
8. 
See id. § 12.32 (Vernon 2003); id. § 12.42 (b) (Vernon Supp. 
2004) (providing prior felony conviction enhances punishment for second degree 
felony to punishment for first degree felony); id. § 22.02(a)(2), (b) 
(providing aggravated assault is second degree felony).