Carlus Lee Williams v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-099-CR

NO. 2-03-100-CR

CARLUS LEE WILLIAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235
TH
 DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After a jury trial, Appellant was convicted of unlawful possession of a firearm and aggravated assault and sentenced to twenty years and twenty-five years’ confinement respectively in the Institutional Division of the Texas Department of Criminal Justice.  In one point, Appellant complains that the trial court erred in admitting a letter allegedly written by Appellant because the letter was not sufficiently authenticated and was therefore inadmissible.  Because we hold that the admission of the letter was harmless, we affirm the trial court’s judgments.

Jason Brasher, Appellant’s former next-door neighbor, testified that on July 30, 2002, the day after he had met Appellant, who had identified himself as Black, brought an SKS rifle into Jason’s home.  A few minutes later, Appellant took the rifle out on the porch and shot at the complainant.  Jason testified that after he told the police what had happened, Appellant spoke to him when he called from jail to his own home and told Jason that he was not mad at him for talking with the police.

Two and a half weeks before trial, Jason testified, Appellant sent a letter in the mail to Jason’s former house.  Jason’s brother delivered it to him.  The letter was addressed to Lil “J,” which was not Jason’s nickname.  The sender of the handwritten letter was identified at the bottom of the page as Black.  Appellant was the only person Jason knew who went by that name.  The letter references the prior communication and discusses the shooting, the complainant, the trial, the trial date, Appellant’s defense strategy, and Jason’s alleged drug dealing.  The purpose of the letter was to discourage Jason from testifying.  Jason testified that he was not familiar with Appellant’s handwriting.  The text and signature of the letter were printed, not cursive.

Other items in evidence included two stipulations bearing Appellant’s cursive signature of his given name and a Greyhound Lines, Inc. luggage tag bearing Appellant’s hand-printed name, address, and telephone number.  No evidence suggested that the luggage tag was prepared by Appellant.

Rule 901(a) provides that “[t]he requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.”
(footnote: 2)  Rule 901(b)(4) provides that authentication can be provided by “[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.”
(footnote: 3)
 In 
Hislop v. State
, a letter was admitted over the defendant’s objections that the letter could not be sufficiently tied to him.  The court of appeals held that the combination of Hislop's purported signature on the document, his return address on the envelope, his oral admissions that he had committed the offense in the manner described by the letter, the proximity of the letter to him, and its location under his own billfold provided sufficient authentication.
(footnote: 4)  In 
Angleton v. State
, the court of appeals implicitly held that typewritten and handwritten notes found in the defendant’s brother’s briefcase were sufficiently authenticated by details linking the defendant to the planning and execution of the defendant’s wife’s murder, including such sensitive information as the alarm code and gate code to their house and an outline of the plan for the murder.
(footnote: 5)
 The State has cited us to no precedent, however, nor have we found any, that would justify the admission of the letter in this case.  This letter was allegedly delivered to Jason by his brother, who did not testify.  While it allegedly came in the mail, no envelope was introduced into evidence.  Unlike the documents in 
Angleton
 and 
Hislop
, this letter was found nowhere near Appellant or his possessions.  Unlike the defendant in 
Hislop
, no evidence in this case other than the letter showed that Appellant had confessed to the crime.  Based on the law and the evidence in the record before us, we hold that the trial court abused its discretion in admitting the letter.

The trial court’s error in admitting the letter, however, was harmless.
(footnote: 6)  Jason’s eyewitness testimony, excluding all information about the letter, Appellant’s stipulation that he was a felon, and the evidence that Appellant was arrested with a Glock right next to him on top of his gym bag were enough to support his convictions.  Further, Appellant stipulated to the prior convictions described in the three enhancement paragraphs in each case.

Appellant chose to go to the trial court for punishment.  After receiving the evidence, the trial court entered a deadly weapon finding in each case and sentenced Appellant to the maximum confinement (twenty years) for the unlawful possession of a weapon offense
(footnote: 7) but only twenty-five years’ confinement for the aggravated assault, which in this case had a punishment range of five to ninety-nine years or life, plus up to a $10,000 fine.
(footnote: 8)  Because we conclude that the error did not have a substantial or injurious effect on the verdict and sentence and did not affect Appellant’s substantial rights, we overrule his sole point and affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. Evid.
 901(a).

3:
Tex. R. Evid. 
901(b)(4).

4:
Hislop v. State
, 64 S.W.3d 544, 546 (Tex. App.—Texarkana 2001, no pet.).

5:
Angleton v. State
, 955 S.W.2d 655, 658 (Tex. App.—Houston [14
th
 Dist.] 1997), 
rev’d on other grounds
, 971 S.W.2d 65 (Tex. Crim. App. 1998).

6:
See
 
Tex. R. App. P.
 44.2(b); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op on reh’g), 
cert. denied
, 526 U.S. 1070 (1999);
 Coggeshall v. State
, 961 S.W.2d 639, 642–43 (Tex. App.—Fort Worth 1998, pet. ref’d) (en banc).

7:
See 
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003) (providing range of punishment for second degree felony is two to twenty years plus up to $10,000 fine); 
id. 
§ 12.42(a)(3) (Vernon Supp. 2004) (providing prior felony conviction enhances punishment for third degree felony to punishment for second degree felony ); 
id. 
§ 46.04(a), (e) (providing unlawful possession of weapon is third degree felony).

8:
See id.
 § 12.32 (Vernon 2003); 
id. 
§ 12.42 (b) (Vernon Supp. 2004) (providing prior felony conviction enhances punishment for second degree felony to punishment for first degree felony); 
id.
 § 22.02(a)(2), (b) (providing aggravated assault is second degree felony).