Vincent OCHOA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0638–CR.

Court of Appeals of Texas, Houston (1st Dist.),

Aug. 28, 1986.

Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Eleanor M. McCarthy, Deborah Mantooth, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of delivery of marihuana and, after appellant pleaded true to one enhancement allegation, assessed his punishment at 15 years.

In one ground of error, appellant contends that his conviction should be reversed because his retained trial counsel failed to object to inadmissible evidence upon which he was convicted.

On March 14, 1985, two City of Pasadena undercover officers arrested appellant in Houston for the instant offense. Earlier that day, the Pasadena officers had arranged to buy 10 pounds of marihuana for $6,000 from Consuela Delgado, who told them that appellant would provide the marihuana. The officers took Delgado to the parking lot of a lounge where they observed her talking with appellant, although they did not hear the conversation. Appellant left the parking lot in a 1979 Chevrolet. Delgado rejoined the officers, indicating that they would meet appellant at a different location where he would turn over the marihuana. Delgado and the officers drove to the second location and met appellant. Appellant opened the trunk of the 1979 Chevrolet, removed a garbage sack containing over 10 pounds of marihuana, and gave it to the officers, who handed him $6,000 in exchange. After the transaction was complete, the officers arrested appellant. The investigative and arrest activities by the Pasadena officers appear from the record to have transpired entirely in Houston.

Appellant contends that his two retained trial attorneys were ineffective because they failed to move to suppress the evidence against him based on his illegal arrest in Houston by two Pasadena police officers. Appellant relies on *Love v. State*, 687 S.W.2d 469 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd), issued by this Court two weeks prior to appellant's arrest.

In *Love*, Pasadena police officers, acting on information from a reliable informant, but unaware of any offense committed within their presence, arrested the defendant while he was in Houston. A subsequent search of the automobile the defendant was driving revealed 6,000 mandrax tablets. *Love* held that, under Texas law, city police officers may not arrest outside their cities without a warrant, unless in hot pursuit or with specific statutory authority. 687 S.W.2d at 478.

Appellant contends that his lawyers should have filed a motion to suppress and should have objected to the evidence admitted at trial because *Love* required the trial court to suppress that evidence. The State responds that counsel was not ineffective because: 1) *Love* was wrongly decided; and 2) a petition for discretionary review was filed and was still pending when the jury found appellant guilty on July 24, 1985. The Court of Criminal Appeals refused to review *Love* on January 29, 1986. The State then filed a motion for rehearing, which was denied April 9, 1986, after the State had filed its brief in this case.

 The State is incorrect in its argument; *Love* accurately interprets the law, and it was counsel's duty to have a firm command of the law. *Ex parte Ybarra*, 629 S.W.2d 943, 946 (Tex.Crim.App.1982). However, for two reasons, we disagree that trial counsel harmed appellant by failing to file a motion to suppress, and that such harm created a probability that the results would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, in the instant cause, a felony was committed within the officers' view, and, just like any other citizen, they were authorized by statute to arrest appellant. Tex.Code Crim.P. Ann. art. 14.01(a) (Vernon 1979). This distinguishes this case from *Love* where the officers observed no offense before the arrest. Second, none of the evidence introduced at trial was the product of that arrest; to the contrary, the marihuana was voluntarily delivered to the officers before the arrest was made.

Appellant has failed to establish either that counsel was ineffective or that he was

harmed. *Ingham v. State*, 679 S.W.2d 503 (Tex.Crim.App.1984).

The judgment is affirmed.