**Donald Anthony BONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–01007–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 23, 1989.

Douglas M. O'Brien, Houston, for appellant.

John Holmes, Dist. Atty., J. Harvey Hudson, Kathy Giannaula, Asst. Dist. Atty., Houston, for appellee.

Before SAM BASS, MIRABAL and COHEN, JJ.

OPINION

COHEN, Justice.

The Court of Criminal Appeals vacated our judgment and remanded this case for reconsideration of appellant's second point of error in light of its holding in *Rose v. State*, 752 S.W.2d 529, 552 (Tex.Crim.App. 1988) (op. on reh'g). In his second point of error, appellant argues that the trial court

committed fundamental error by instructing the jury on parole law, pursuant to Tex.Code Crim.P.Ann. art. 37.07, sec. 4(a).[1] Appellant objected to the parole charge in the trial court. We must determine whether giving the unconstitutional parole charge was harmless beyond a reasonable doubt. Tex.R.App.P. 81(b)(2).

Rule 81(b)(2) provides:

[if] the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgement under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or punishment.

■ Factors to consider in determining harm include: 1) the curative instruction given by the trial court; 2) the appellant's prior criminal record; and 3) the nature of the offense. *Rose*, 752 S.W.2d at 554–555. Here, we should also consider comments made in closing arguments.

The jury convicted appellant of murder and assessed punishment of 15 years confinement. The range of punishment was five to 99 years or life and a fine up to $10,000.

Appellant shot the victim at a 7–11 convenience store on Bissonnet. Two months earlier, appellant sold a car to the victim, and the victim had refused to pay him all of the purchase price before getting a title to the car. The victim had earlier agreed to pay appellant $50 per week until the car was paid off.

Appellant admitted the shooting, but claimed self-defense. He testified that he and the victim had fought regarding the car payments three times previous to the shooting, that the victim had once pulled a gun on him, and that he was afraid. He testified that on the day of the shooting, he went to the 7–11 to talk to the victim about the debt. He testified that he told the victim that he was going to take legal action, and the victim responded that he was going to kill him. The victim, who was standing next to his car, reached under the seat, and appellant thought he was reaching for his gun and backed away. The victim began to approach him, and appellant shot him four times. He then left. He confessed to police the following day.

None of the witnesses saw the shooting, but two witnesses said they saw appellant and the victim in the parking lot before the shooting and that it looked like they were arguing. During the guilt stage, there was evidence that appellant had been convicted of misdemeanor theft while awaiting trial of this case.

During the punishment stage, appellant and his parents testified. Appellant testified that he could fulfill the terms of probation. He testified regarding his previous employment, and that he was working just prior to the trial in this case. Appellant's father, a minister, testified that if probation was granted, appellant could live with him, and he would encourage his son to become more active in the church. His mother testified that she would see that he met with his probation officer and did not get involved in any misconduct. The State produced no evidence at punishment.

Here, as in *Rose*, 752 S.W.2d at 554, the court gave an instruction in addition to that required by art. 37.07, stating:

You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas, and must not be considered by you.

During closing arguments, appellant's attorney emphasized to the jury that they were not permitted to discuss parole law in reaching their decision on punishment. The prosecutor stated in his closing argument:

"I'm not going to say a word on the parole laws. If I knew what they were, which I don't—the charge controls it. He's told you about that. But I want

---

1. Ch. 576, sec. 1, 1985 Tex.Gen.Laws 2195, *amended by* ch. 66, sec. 1, 1987 Tex.Gen.Laws 170, *amended by* ch. 1101, sec. 15, 1987 Tex.Gen. Laws 3765.

you to consider what the charge has to say. And that's it.

But I want you to realize that parole is there. That's it. That's all there is to it. I don't have any control over it. And he doesn't have any control over it. The legislature doesn't have any control over it. Really, you can send a message to them. You can send a message to the community; that is that the penalty for crime such as this is grievous, grievous, as it should be."

Appellant was 30–years–old, had regularly been employed, had attended college, and had no previous felony convictions. He was a candidate for probation or a minimum sentence (five years) under these facts, and was, in fact, given a relatively light sentence by the jury. It is nevertheless noteworthy that his sentence is both evenly divisible by three and exactly triple the minimum sentence of five years. Nothing suggests that the one-third flat time instruction did not contribute to the selection of this number, and our experience suggests that it is at least equally probable that it did.

■ Thus, rule 81(b)(2) requires that the judgment be partially reversed. The second point of error is sustained.

Having addressed appellant's other points of error in our original opinion, we do not readress them here.

The judgment is reversed only as to the assessment of punishment, and the cause is remanded to the trial court for a new punishment hearing. Tex.Code Crim.P.Ann. art. 44.29(b) (Vernon Supp.1989). In all other respects, the judgment is affirmed.