Ernest KIZZEE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00432–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 5, 1990.

Rehearing Denied May 10, 1990.

Renato Santos, Houston, for appellant.

John Holms, Harris Co. Dist. Atty., Lester Blizzard and Johnny Sutton, Asst. Dist. Attys., for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant, Earnest Kizzee, was charged by information with the offense of carrying a weapon. The jury found appellant guilty of the offense, and assessed punishment at six months confinement in the Harris County jail.

On January 3, 1989, Officer Cheek was on patrol at a low-income housing project on Jensen Drive in Houston. He testified that, at approximately 10:00 p.m., he and Officer Williams noticed two females, and after having a conversation with them, walked toward the parking lot of the complex and observed two black males talking. As the officers approached, one of the males, Winfred Earl Jones, tossed a pistol into a parked car. Cheek and Williams drew their pistols and ordered Jones to put his hands on the car. During this episode, the officers observed appellant, standing in front of the automobile, and ordered him to come toward them. Cheek stated that appellant appeared intoxicated because he was mumbling, appeared unbalanced, had a strong smell of alcohol on his breath, and would not answer or look at him. Both officers approached appellant and con-

firmed that he was intoxicated, and decided to arrest him for public intoxication. Cheek stated that while performing a search for possible weapons, he touched appellant's rear pocket and felt the shape of a pistol. Cheek removed a .25 caliber semi-automatic pistol from appellant's rear pocket, and informed him that he was under arrest for carrying a pistol. Cheek testified that appellant did not really respond, but said he was carrying the weapon for his protection.

Winfred Earl Jones testified that about an hour before they were arrested, he picked appellant up at appellant's mother-in-law's house to take him home; that on the way to appellant's house they experienced car trouble, stopped at the housing project on Jensen at about 10:00 p.m., got out of the car to get a soda, and saw the officers. He further testified that prior to this incident, he had seen appellant in his home with the gun, and that appellant was not drunk on the night he was arrested.

Appellant testified that he kept the gun at home for protection. He stated that he had previously pawned the gun, and that on the date in question, at about 6:30 p.m., he was going to take it home because he had paid off his debt. He stated that he and Jones arrived at the housing project at about 10:00 p.m., and that he was sitting inside the car, when approached by the officers, and was not drunk although he had consumed two 16-ounce beers between 4:30 p.m. and 6:00 p.m.

In appellant's sole point of error, he contends that he was denied his sixth amendment[1] right to effective assistance of counsel.

■ The standard for determining whether there was ineffective assistance of counsel requires that: (1) counsel's performance be deficient; and (2) there is a reasonable probability that but for counsel's error, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App.1984). The

---

1. U.S. Const. amend VI.

various allegations of ineffective assistance of counsel are as follows:

### Pre–Trial

(1) Failure to file a pre-trial motion to suppress appellant's statement to Cheek that he carried a handgun for his own protection because it contradicted his testimony that he was carrying the gun home.

■ The failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison,* 477 U.S. 365, 384, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305 (1986); *Stafford v. State,* 758 S.W.2d 663, 669 (Tex.App.— Houston [1st Dist.] 1988, pet. granted). Appellant urges that this statement was oral, made while in custody, and should have been suppressed pursuant to Tex. Code Crim.P.Ann. art. 38.22, sec. 3(a) (Vernon Supp.1990).[2] Under the doctrine of "res gestae," the State is entitled to elicit testimony as to the facts and circumstances surrounding the commission of a charged offense. *Lomas v. State,* 707 S.W.2d 566, 568 (Tex.Crim.App.1986). However, where such evidence is inherently prejudicial and has no relevance to the case, then the doctrine does not apply. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex. Crim.App.1985). Furthermore, statements made while in the grip of violent emotion, excitement or pain, and which relate to an exciting event are admissible under the "res gestae" doctrine.[3] *Thigpen v. State,* 701 S.W.2d 95, 98 (Tex.App.—Fort Worth 1986, pet. ref'd). The evidence established that after Cheek informed appellant that he was under arrest, he responded that he was carrying the gun for his protection. Cheek's testimony was an important fact surrounding the commission of the offense of carrying a weapon. In addition, appellant's statement was made while in the grip of excitement, and was not made in response to a custodial interrogation.[4] Thus, trial counsel was not ineffective in failing to object to admissible evidence.

(2) Failure to file a motion to suppress evidence obtained as a result of an illegal arrest.

■ In *Ochoa v. State,* 717 S.W.2d 174, 175 (Tex.App.–Houston [1st Dist.] 1986, pet. ref'd), this Court held that trial counsel's failure to file a motion to suppress evidence, following defendant's arrest, did not constitute ineffective assistance of counsel where defendant committed a felony within a police officer's view and the arrest was authorized. *See* Tex.Code Crim. P.Ann. art. 14.01(a), (b) (Vernon Supp. 1990). The evidence established that appellant committed the offense of public intoxication, and a gun was recovered during the search incident to the arrest for that offense.

### Voir Dire

(3) During voir dire, trial counsel failed to explain and discuss, with the panel members, the following factors:

(A) Elements of the offense;

(B) Concepts of burden of proof;

(C) Presumption of innocence;

(D) Range of punishment;

(E) Jury's personal feelings on weapons;

(F) Jury's connection with law enforcement; and

(G) Jury's views on probation.

■ Appellant has failed to discuss how the above allegations are material to the outcome of the trial. Allegations of ineffective counsel will be sustained only if they are firmly founded. *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim.App. 1981). The record indicates that during voir dire, trial counsel did discuss most of

---

**2.** "No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding...."

**3.** *See* Tex.R.Crim.Evid. 803(2).

**4.** The State is also correct in its assertions that appellant's statements would be admissible as an admission against interest. *Fontenot v. State,* 708 S.W.2d 555, 558 (Tex.App.—Houston [1st Dist.] 1986, pet. dism'd). Tex.R.Crim.Evid. 801(e)(2).

the legal concepts alleged.[5] However trial counsel did not discuss the range of punishment, the panel members' connection with law enforcement, and the panel members' feelings on probation. Because appellant has failed to discuss what effect these undiscussed concepts would have on the outcome of the trial, it cannot be determined if trial counsel was ineffective.

### Trial On Guilt

(4) Trial counsel failed to object to inadmissible evidence material to the outcome of the trial such as:

(A) Hearsay;

(B) Post arrest silence by appellant;

(C) Custodial statements by appellant; and

(D) Evidence obtained as a result of the search.

In regards to the first two allegations, appellant's brief fails to adequately inform this Court which statements in the record form the basis of his complaint. However, the failure to object to the last two allegations would not support a finding of ineffective counsel because, as previously discussed, we determined that the custodial statement would come in as a "res gestae" statement, and the gun would be admissible as resulting from a search incident to a legal arrest.

(5) Trial counsel was ineffective during cross-examination for attempting to discredit Cheek's testimony regarding appellant's arrest, because evidence obtained from the arrest came in, without objection, on cross-examination.

Appellant argues that counsel should have requested a jury instruction on inadmissible evidence. As stated above, the evidence was admissible pursuant to article 14.01.

(6) Trial counsel was ineffective for failing to subpoena a witness who could have supported his defensive theory that appellant was transporting his gun home.

In *King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App.1983), the court held that trial counsel's failure to call witnesses at the guilt/innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony. Appellant's complaint is unwarranted because the record does not show that witnesses were available, or that appellant would benefit from the testimony.

(7) Counsel failed to request an instruction which have allowed the jury to disregard the evidence of the weapon if they believed that it was obtained in violation of Tex.Code Crim.P.Ann. art. 38.-23.

Counsel was not ineffective for failing to request an instruction because, as discussed above, the evidence obtained was incident to a legal arrest and was thus admissible.

### Punishment

The *Strickland* standard is not applicable to ineffective assistance claims at the punishment stage. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim.App.1987). The test to be applied is whether or not counsel rendered reasonably effective assistance of counsel. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980).

(8) At the punishment stage, counsel called appellant to the stand and failed to qualify him for probation.

During the punishment phase, an affidavit qualifying appellant for probation was offered into evidence, after the court brought the failure to introduce the affidavit into evidence to trial counsel's attention. Although the evidence was offered upon the trial court's urging, trial counsel's actions were not ineffective.

(9) Trial counsel was ineffective for failing to call other witnesses in support of appellant's request for probation.

Appellant argues that the failure to call other witness indicates trial counsel's lack of preparation. As discussed above, there

---

**5.** At one point during the voir dire examination, the court clarified for the panel members the concept of burden of proof.

is no indication that the witnesses were available, or that appellant would have benefited from the testimony. *See King,* 649 S.W.2d at 44.

(10) Trial counsel was ineffective for failing to object to the State's argument at punishment.

The final argument that the State made is as follows:

> Now, I bet you if I asked these officers right here who have to go into projects like this and have to deal with people who carry .25 calibers in their pocket that are good for one thing only and that is killing people, they would probably say to give him a year and to make him hurt, make him understand that we in Harris County are not going to put up with this kind of behavior. We are not going to allow people to carry guns when they walk around the city where it's already a problem with people getting shot every day. There are too many people carrying guns.

█ The State contends that the jury argument was a plea for law enforcement. In *Lopez v. State,* 628 S.W.2d 77, 80 (Tex. Crim.App.1982), the court held that, in a prosecution of a student for the murder of a school principal, that jury argument was a plea for law enforcement and not improper because defendant's conduct threatened the structure of the community. *See also Fisher v. State,* 681 S.W.2d 202, 207 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd) (prosecutor's comments were a proper plea for law enforcement).

In this case the prosecutor focused on the fact that the officers were not going to put up with persons walking around the city carrying guns. He asserted in his argument that "these officers … they would" probably say "to give him a year" and make him understand "that we" (the prosecutor and the officers in Harris County) "are not going to put up with this kind of behavior." We hold that this is a plea for law enforcement and is not improper argument.

The judgment of the trial court is affirmed.

COHEN, J., dissenting.

COHEN, Justice, dissenting.

I would hold that the defense attorney rendered ineffective counsel at the punishment stage of trial by not objecting to the prosecutor's jury argument, "If I ask these officers right here … they would probably say to give him a year and to make him hurt…." I reach this conclusion only after considering all the evidence at both stages of the trial, including the jury argument at the punishment stage, the jury's note to the judge during its deliberations on punishment, and the sentence assessed.

The striking thing about this case is that the jury assessed a sentence of six months imprisonment, even though the prosecutor requested only 60 days; even though there was no evidence of prior felony or misdemeanor convictions; even though there was no evidence of bad reputation; even though there was no evidence of an extraneous offense (except public intoxication); even though there was no flight, no resisting arrest, and no violence involved; and even though the defendant, who sought probation, was 42 years old, married, lived with his wife and six children, and had worked for almost eight years at the V.A. Hospital.

Why would the jury give appellant three times as much time in jail as the prosecutor desired? There are several answers. The first is the prosecutor's misconduct in making a grossly improper argument that not only went outside the record, but also injected harmful new "facts" that were not facts at all, but his own speculation, or possibly imagination. Needless to say, there was no evidence that the arresting officers wanted to give appellant a year and "make him hurt." There would never be such evidence in any case because no Texas judge would allow a prosecutor to ask police officers what punishment a defendant should get. No doubt aware of this, the prosecutor did not offer such inadmissible evidence—he just stood up and blurted it out.

This misconduct is especially objectionable because the prosecutor's statement is probably not true. There is no reason to

believe that officers who arrested an armed man who did not flee, who did not threaten them, who did not resist arrest, and who did not "make them hurt," would recommend a year sentence if they knew he was a long-term employee with no criminal record, who was living with and supporting seven dependents, and who would lose his job if jailed for a year. The arresting officers, unlike the jury, would have known that six months was an unusually severe sentence for this defendant convicted of this crime on these facts. Far from wanting "to make him hurt," the officers might have been grateful the defendant cooperated, respected their authority, and yielded to it peacefully. They may have considered themselves lucky that it was appellant they met in the dark of night on January 3, 1989, instead of another armed suspect, who might have threatened, or taken, their lives.

The record of the punishment stage of this trial is revealing. The State offered no evidence. The prosecutor argued against probation. Except for arguing that the arresting officers wanted a year sentence, the prosecutor's only specific punishment recommendation was the following:

> What is the price of carrying a .25 calibre in your pocket in Houston, Texas? I think the price is this: *I think 60 days in the Harris County jail* because I want you to send a message and say we are sick and tired of what is going on out there in the street. If you carry a pistol like that, if you are in an area and you have a pistol and a police officer has to come in and pull a gun on you to make you act right or you are drunk and you have a pistol on you, you are going to pay a price. *Not a year in jail, not 180 days, but you are going to pay with 60 days in jail* .... I recommend that you give him some jail time. *My recommendation is 60 days.*

(Emphasis added.)

The jury sent out two notes during its deliberations on punishment. The first asked, "Has he ever been convicted of any other misdemeanors?" The court answered, "Continue your deliberations. You have all the evidence that has been admitted in this case." Appellant had testified that he had never been convicted of a felony or a misdemeanor of moral turpitude. Ten minutes later, the jury asked:

> If we give him a certain amount of time in the county jail will he serve the full term or be given time off for good behavior?

The court answered:

> You are not to consider the amount of time the defendant may be required to serve in the Harris County Jail on any jail sentence you may give him. Such matters are within the exclusive jurisdiction of the Governor of Texas, the Texas Board of Pardons and Parole, and the Sheriff of Harris County, Texas, and are no concern of yours. You may not discuss how much time the defendant may be required to serve on any jail sentence you may give him.

The jury was obviously disregarding the instruction the trial judge gave in his charge, i.e., "in deliberating upon the punishment in this case, you must not refer to or discuss any matters not in evidence before you." Thus, in addition to the prosecutor's misconduct and the defense lawyer's negligent failure to object to it, we have the jury's disregard of the instructions in the charge.

The record reveals that the jury foreman served on a criminal jury before. If she was then given the parole instruction found unconstitutional in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1987), she would have known that appellant might serve only one-third (or less) of his sentence. It is noteworthy that the jury's verdict was exactly three times the prosecutor's request, an arithmetical relationship we have held to be significant in finding reversible *Rose* error. *See Early v. State*, 779 S.W.2d 79, 81 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *Bonner v. State*, 779 S.W.2d 81, 83 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *accord Arnold v. State*, 786 S.W.2d 295, 303, 306–307, 308 (Tex.Crim.App.1990). As we suspected in *Bonner* and in *Early*, this jury may have tripled the 60 days the prosecutor sought in

order to make sure the defendant got his entire 60 days in jail.

This Court has held that a single error by counsel affecting only punishment may, if serious enough, constitute ineffective assistance of counsel. *Cooper v. State,* 769 S.W.2d 301, 305 (Tex.App.—Houston [1st Dist.] 1989 pet. ref'd); *Snow v. State,* 697 S.W.2d 663, 667 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). This lawyer's error was certainly not as bad as the errors in those cases. Nevertheless, considering the entire record, I would hold that the prosecutor's misconduct was severe because it injected new, nonexistent "facts" that were harmful, inadmissible under any scenario, and probably false; that the defense lawyer's failure to object to obvious misconduct of this magnitude should not be excused; and that the verdict may well have been different, but for the prosecutor's argument, because nothing else in the record explains why, on these facts, a rational jury would assess three times the punishment the prosecutor desired. As the United States Supreme Court has written:

> [W]e believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case ... An ineffective assistance claim asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower. The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by preponderance of the evidence to have determined the outcome.

*Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

The real reason this case should be reversed is because of the prosecutor's intentional misconduct, not because of the defense lawyer's negligent failure to object. Texas courts have reversed before for severe prosecutorial misconduct in jury argument and suggested that no objection was needed to preserve error. *Bray v. State,*

478 S.W.2d 89, 91 (Tex.Crim.App.1972). However, we have no point of error on appeal asserting that complaint. Thus, the tables are turned, and the prosecutor's improper argument ends up stigmatizing the defense attorney. That is unfair to the defense attorney, but not as unfair as affirming the judgment and letting appellant suffer for the prosecutor's acts. If this Court has the power to reverse, without a trial objection or a point of error, for prosecutorial misconduct in jury argument, it should do so in this case. If not, the doctrine of ineffective assistance of counsel is broad enough to do justice for this defendant, even if it unavoidably does injustice to his trial lawyer.

I would sustain appellant's point of error. Since the ineffectiveness by counsel affected only the punishment stage of trial, I would reverse the part of the judgment assessing punishment and remand the cause for another hearing on punishment. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1990).

I respectfully dissent.