Affirmed and Memorandum Opinion filed July 3, 2003















Affirmed and
Memorandum Opinion filed July 3, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS.  14-01-01247-CR

                14-01-01248-CR
& 

           14-01-01249-CR

____________

 

MAURICE JABARR CHARLES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________

 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause Nos. 873406, 873405 & 873407

 

_______________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant
Maurice Jabarr Charles pleaded guilty to attempted
burglary of a habitation, aggravated robbery, and aggravated kidnapping.  The jury assessed punishment respectively at
three years confinement with community supervision, fifteen years confinement,
and forty years confinement.  In two
points of error, appellant contends he was denied effective assistance of
counsel because: (1) his lawyer failed to adequately investigate the 

 class=Section2>

circumstances surrounding appellant’s confession; and
(2) his lawyer  incorrectly advised
appellant that there was no viable legal basis to suppress his confession.  We affirm.

I.  Factual
Background

            Appellant,
fourteen-years old at the time of the offenses, was taken into custody for
robbery, kidnapping and sexual assault. 
He signed a written statement confessing to his participation in the
robbery and kidnapping, but denied involvement in the alleged sexual
assault.  Following certification as an
adult, guilty pleas, and sentencing, appellant filed a motion for new trial
alleging ineffective assistance of counsel. 
Appellant’s motion was supported only by affidavits, however, the
prosecutor testified briefly for the State.

            In
his affidavit, appellant stated that he had been smoking marijuana and was
under its influence at the time of his arrest and appearance before the
magistrate.  He claims he did not
understand the magistrate’s instructions and that he was confused by the legal
terminology because he was under the influence of narcotics, tired, and trying
not to fall asleep.  After appearing
before the magistrate, he was then taken to the police station where he made a
written confession.  After his
confession, he was brought before the magistrate a second time.  Although at this second appearance he told
the judge his confession was voluntary and that he understood the process,
appellant now claims that his true reason for doing so was that he was tired
and simply wanted to sleep.  Further, he
states he pleaded guilty because his attorney, Grant Hardeway,
expressed the belief that appellant’s written confession could not be
excluded.  Appellant asserts that had he
known there was at least a possibility that his confession would be excluded,
he would not have pleaded guilty.

            In
her affidavit, the magistrate stated that when she gave appellant his first
statutory warnings, her personal observation of appellant did not prompt her to
ask him if he was under the influence of drugs or fatigued.  When the officers brought appellant for the
second admonishment, the magistrate examined appellant and determined he
understood the nature 

 class=Section3>

and content of his written confession, and that he had
signed the statement voluntarily.

            Hardeway stated in his affidavit that he assumed
appellant’s statement was admissible if it was “proper on its face” and the
magistrate had properly warned his client. 
He stated that he did not file a motion to suppress or conduct an
independent investigation to determine whether a basis in fact existed to
suppress the statement, because he assumed the statement was proper based on
“his knowledge of the magistrate.”  He
also stated that he “spoke to [appellant] briefly about the facts and
circumstances that surrounded his arrest, statutory warnings given to him by
the magistrate, and the written statement he ultimately gave.”  Hardeway further
stated that he did not learn appellant was supposedly under the influence of
marijuana when he received his warnings and made his statement until after the
initial proceedings.  

            Appellant’s
allegations of ineffective assistance of counsel arise from Hardeway’s
alleged failure to adequately investigate the facts surrounding his confession,
Hardeway’s failure to file a motion to suppress, and
his purportedly incorrect legal advice that there was no viable legal basis to
suppress the statement.  Appellant
presented no live testimony at the motion for new trial, relying on the
affidavits and records filed with his motion.[1]  Following argument of counsel, the trial
court denied the motion. 

 class=Section4>

II.  Standard of Review

            To
prevail on a claim of ineffective assistance of counsel, a defendant must show
deficient performance and prejudice.  Strickland v. Washington, 466 U.S. 668, 687
(1984); Kober v. State, 988 S.W.2d 230, 232 (Tex. Crim. App. 1999).  To
meet the deficient performance prong, a defendant must establish that his
attorney’s performance was so deficient as to fall below an objective standard
of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).  Indeed, our review of
defense counsel’s representation is highly deferential and presumes that
counsel’s actions fell within a wide range of reasonable and professional
assistance.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  To
establish the prejudice prong, a defendant must show there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Kober, 988 S.W.2d
at 232.  In the context of a guilty plea,
that standard requires that a defendant show a reasonable probability that but
for the errors, he would not have pleaded guilty and would have insisted on
going to trial.  Id.  Appellant must overcome the presumption that
trial counsel rendered adequate assistance, and identify those acts or
omissions which do not amount to reasonable professional judgment.  See
Strickland, 466 U.S. at
690.  

            The
assessment of whether a defendant received effective assistance of counsel must
be made according to the facts of each case. 
Thompson, 9 S.W.3d at
813.  Although the Strickland prongs are mixed questions of law and fact, they often
contain subsidiary questions of historical fact.  Kober, 988 S.W.2d at 233; 
see Ex parte
Owens, 860 S.W.2d 727, 729 (Tex. App.—Austin 1993, writ ref’d).  A deferential rather than de novo standard
applies to our review of a trial court’s determination of historical facts when
that determination is based, as here, solely upon affidavits.  Manzi v. State, 88
S.W.3d 240, 

 class=Section5>

242–43 (Tex. Crim. App. 2002).[2]  

III.  Discussion

            Both
of appellant’s points of error are premised upon the existence of facts and
circumstances surrounding his written statement, which he contends was not
voluntary.  In support of his assertions,
appellant refers to certain extenuating circumstances, including the physical
factors of fatigue, youth and intoxication due to marijuana, as well as various
mental factors, including low intellectual capacity and the effect of promises
of leniency made by the police.  He also
argues that a reasonable investigation by his attorney would have revealed
these purported circumstances surrounding his confession.  Furthermore, appellant contends his guilty
pleas were premised on his trial lawyer’s incorrect legal advice that there was
no viable legal basis to suppress his written statement. For the sake of
clarity, we discuss his second point of error first.

A.  Erroneous advice / Voluntariness of Confession

            In
his second issue, appellant argues he could not have voluntarily and knowingly
pleaded guilty when his election was based upon his counsel’s erroneous advice
that there was no viable legal basis to suppress his written statement.  Appellant argues that there were a number of
viable legal avenues that could have been, but were not raised to the
admissibility of the statement, thereby making the advice that there was no
viable legal basis to suppress the statement erroneous.  Appellant maintains that his decision to
plead guilty was induced by counsel’s erroneous advice and he would not have
pleaded guilty had he known that a viable legal basis for suppression of the
written statement existed.  Thus,
appellant argues that his guilty plea was involuntarily made because of
counsel’s advice.

            Generally,
when a defendant’s guilty plea is based upon erroneous advice of counsel, it is
not done voluntarily and knowingly.  Ex parte Battle, 817
S.W.2d 81, 83 (Tex. Crim. App. 1991). 
The validity of a guilty plea made upon the advice of counsel depends on
whether counsel’s performance was reasonably competent, rendering a defendant
effective representation.  Id.  A guilty plea determined to be involuntary
must be set aside.  Boykin v. Alabama, 395 U.S. 238, 244
(1969); Williams v. State, 522 S.W.2d
483, 485 (Tex. Crim. App. 1975).  

            In
challenging the voluntariness of a guilty plea on
grounds of ineffective assistance of counsel, an appellant must prove: (1)
trial counsel’s advice fell outside the range of competence demanded of
attorneys in criminal cases; and (2) there is a reasonable probability that,
but for counsel’s erroneous advice, appellant would not have pleaded guilty and
would have insisted on going to trial.  Ex parte Morrow,
952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing Hill v. Lockhart, 474 U.S. 52, 58–59
(1985)).  Thus, a defendant bears the
burden of showing that counsel’s performance fell below a reasonable standard
of competence and, with reasonable probability, he would not have pleaded
guilty but instead would have insisted on going to trial were he properly
advised.  Nicholas v. State, 56 S.W.3d 760, 769 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d).  In this context, the harm prong is satisfied
only upon proof that the defendant would not have pleaded guilty but for his
counsel’s ineffectiveness.  Id.  (citing Rodriguez v. State, 899 S.W.2d
658, 666 (Tex. Crim. App. 1995)). 

            To
determine the voluntariness of appellant’s guilty
plea, we must examine the record as a whole. 
See Martinez v. State, 981
S.W.2d 195, 197 (Tex. Crim. App. 1998); Cantu v. State, 988 S.W.2d 481, 484
(Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).  Further, the determination of whether a
confession is voluntary must be based upon an examination of the totality of
the circumstances surrounding its acquisition. 
Barney v. State, 698 S.W.2d
114, 120 (Tex. Crim. App. 1985).  A defendant’s reliance on his attorney’s
professional opinion does not render a guilty plea involuntary, nor do unsuccessful
strategies.  Graves v. State, 803 S.W.2d 342, 345 (Tex. App.—Houston [14th
Dist.] 1990, pet. ref’d); Medford v. State, 766 S.W.2d 398, 401 (Tex. App.—Austin 1989, pet. ref’d).

            According
to appellant, the viable bases for suppression of his written statement were
his intoxication, fatigue, youth and intellect, promises by the police, and
various “other factors.  The presence of
these factors, contends appellant, renders erroneous his counsel’s advice that
there was no viable legal basis for suppression of the statement.  However, to apply a standard requiring us to
show but for counsel’s erroneous advice appellant would not have pleaded
guilty, this court must make a threshold determination that the advice was
indeed erroneous.  Thus, we begin by
analyzing the factors invoked by appellant to determine whether appellant’s
counsel’s advice, that there was no viable legal basis for suppression of the
written statement, was erroneous.

1.  Intoxication 

            Appellant
argues that his counsel’s advice was erroneous because his confession was
involuntary due to his alleged intoxication and fatigue, and that his trial
counsel’s failure to investigate and develop these factors prompted the
erroneous advice.  In his affidavit,
appellant states that he had “smoked a lot of marihuana” and had been arrested
after arriving home from “getting high.” 
He stated that he “didn’t really understand what the judge was talking
about because [he] was still really high from the marihuana.”  In his own affidavit, appellant’s father also
stated that he believed his son had been “high on something” that evening.  The trial court however was free to
disbelieve the statements of appellant or his father.  See
Kober, 988
S.W.2d at 234; see also Manzi, 88 S.W.3d
at 243–44.  Because the only evidence
produced by appellant in support of his motion for new trial were affidavits
and written records, some of which contained conflicting testimony, the trial
court was within its right to disbelieve the assertions upon which appellant’s
claims of ineffective assistance of counsel are based.  Manzi, 88 S.W.3d at 242–43; Kober, 988 S.W.2d at 234.  This is particularly true if a witness
chooses not to testify live at the motion for new trial hearing.  See Kober, 988 S.W.2d at 234.  Indeed, a witness’ unwillingness to support
an affidavit with live testimony could itself be considered evidence that the
affidavit is untrue.  Id.  In this case, not a single affiant testified
on behalf of appellant.  Thus, throughout
this inquiry, we must remain mindful of the deferential standard promulgated by
the Texas Court of Criminal Appeals in Kober and Manzi and consider that the trial court was
free to disbelieve the testimony by the affiants.  See
Kober, 988
S.W.2d at 234; see also Manzi, 88 S.W.3d
at 243–44. 

            Even
assuming the trial court believed appellant’s assertions, the fact that he may
have been under the influence of narcotics at the time of the confession does
not automatically vitiate voluntariness, as
intoxication is not per se determinative of the issue.  Jones
v. State, 944 S.W.2d 642, 651 (Tex. Crim. App.
1996).  The central question is to what
extent appellant was deprived of his faculties due to the intoxication.  Higgins
v. State, 924 S.W.2d 739, 744 (Tex. App.—Texarkana 1996, pet. ref’d).  If the
intoxication rendered him incapable of making an independent, informed choice,
then the confession was involuntarily given. 
See Jones, 944 S.W.2d at
651.  However, aside from general
statements in the affidavits, appellant fails to produce any evidence
supporting this assertion.

            Furthermore,
the trial court also had evidence tending to prove that appellant was not under
the influence of intoxicants during the relevant time period.  The trial court was presented with the
magistrate’s affidavit stating that her personal observation of appellant had
not prompted her to ask him if he was tired or under the influence of
drugs.  The magistrate also stated that
at appellant’s second statutory warning, she examined appellant and determined
that he understood the nature and content of his confession and had signed it
voluntarily.

            Thus,
applying the deferential standard of review,
we cannot say the trial court
erred in overruling appellant’s motion for new trial based on ineffective
assistance of counsel on the grounds of appellant’s alleged intoxication.

                                                                    2.  Fatigue

            Similar
to appellant’s claims of intoxication, the trial court was free to disbelieve
appellant’s general allegations of fatigue. 
In his affidavit, appellant stated that he was “really tired and was
trying not to fall asleep” during his first appearance before the
magistrate.  He also stated that during
his confession he only “started mumbling something because [he] was tired” and
upon doing so was given paper by the officers to draft a written statement.  While in the room with the officers, he
claims that he was trying not to fall asleep and kept putting his head on the
desk in order to rest.  Appellant also
claims that the second time he appeared before the magistrate he told her he
understood her warnings only because he wanted to go to sleep.

            The
Court of Criminal Appeals has observed that lack of sleep for as long as 24
hours does not, in and of itself, render a confession involuntary.  See
Barney, 698 S.W.2d at 120; see also
Foster v. State, 101 S.W.3d 490, 497 (Tex. App.—Houston [1st
Dist.] 2002, no pet.).  Here, appellant
states in his affidavit that at the time of the confession he had not slept in
a “really long time,” however, he does not indicate how long it had been since
he had slept, or make any effort to explain the extent to which his alleged
fatigue affected his judgment.  Again,
applying the deferential standard of review,
we cannot say the trial court
erred in overruling appellant’s motion for new trial based on ineffective
assistance of counsel on the grounds of appellant’s alleged fatigue.

3.  Youth and Intellect

            Appellant
also challenges the voluntariness of his written
statement on the basis of his youth and intellect, arguing that his trial
counsel should have considered these factors before advising him to plead
guilty.  We recognize that a court should
consider the defendant’s juvenile status as one factor in the totality of
circumstances when determining the 

 class=Section6>

voluntariness of a
confession.  Griffin v. State, 765 S.W.2d 422, 427–28, 431 (Tex.
Crim. App. 1989). Furthermore, an appellate court
should take into account police knowledge of a suspect’s “special weaknesses,”
including youth and low intelligence.  Lane v. State, 933 S.W.2d 504, 512 (Tex.
Crim. App. 1996). 
The Texas Family Code sets forth the warnings necessary for a juvenile
confession.  See Tex. Fam.
Code § 51.095.  The statute
requires that a magistrate certify the juvenile “knowingly, intelligently and
voluntarily” waived his rights prior to accepting the juvenile’s confession.  See
id.  When a magistrate determines
that a juvenile knowingly, voluntarily, and intelligently waived his rights,
the juvenile defendant’s statement is properly admitted.  See
Carter v. State, 650 S.W.2d 793, 795–96 (Tex. Crim.
App. 1983); In re R.M., 880 S.W.2d
297, 299 (Tex. App.—Fort Worth 1994, no pet.). 
That appellant was only fourteen years of age at the time of the
offenses was a factor considered by the magistrate and, according to her
affidavit, she found appellant to have understood the nature and content of his
statement, and that he knowingly, intelligently, and voluntarily waived his
rights.  She further attested that
appellant understood the nature and content of his statement and signed it
voluntarily.  Giving the required deference
to the trial court as required under Manzi and Kober, we find no error.

            Appellant
also contends that his intellectual capacity would have established a viable
ground for suppressing his written statement. 
While it is a factor to be considered, an appellant’s limited
intelligence does not alone mandate a finding of involuntariness of a
confession as a matter of law.  See Gomes v. State, 9 S.W.3d 373, 377
(Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).
Appellant points to the psychological assessment report he submitted at the
hearing which suggests he has a sixth-grade reading level, limited coping
skills, poor insight, and a tendency to withdraw from challenge.  The conclusions and recommendations in this
report, however, are inapposite to appellant’s position because the
psychologist concludes that appellant is functioning in the overall average
range of intelligence and  his
intellectual abilities are adequate for him to understand the conditions and
details of his current situation and any conditions of punishment which may be
imposed by the court.  Because the report
was considered by the court, we afford the trial court’s ruling the required
deference and find no error.

4.  Promises by the Police

            Appellant
also asserts he signed his written statement because he was promised leniency
by police officers.  A promise will
render a confession involuntary if it: (1) is of some benefit to the accused;
(2) is positive; (3) is made or sanctioned by a person in authority; and (4) is
of such a character as would likely influence the accused to speak
untruthfully.  Smith v. State, 779 S.W.2d 417, 427 (Tex. Crim.
App. 1989); Espinosa v. State, 899
S.W.2d 359, 363 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d).  According to appellant’s affidavit, he “didn’t
want to answer [the officers’] questions at first, but they kept telling [him]
that if they talked to them, [he] could get [his] time reduced.”  The record does not reveal further
elaboration upon this allegation, and this brief statement is the only
reference in appellant’s affidavit to any promises or allegedly coercive
conduct by the police.  The trial court
was free to disbelieve appellant’s allegation that the police made this
statement.  See Kober, 988 S.W.2d at 234; see also Manzi, 88 S.W.3d at 243–44. 

            Even
assuming the officers told appellant that making a statement would help him,
such a remark by the officers, standing alone and viewed within the totality of
the circumstances surrounding appellant’s interrogation, does not make the
statement involuntary.  Espinosa, 899 S.W.2d at 362–64.  In Espinosa,
we found that the mere fact the officer told the suspect to “Go ahead and tell
us what happened . . . Everything will be better for you . . .You will get less
time” did not render the defendant’s statement involuntary.  Id. 

            Thus,
even if the trial court was inclined to believe appellant, the single sentence
in his affidavit alleging a promise of leniency by the officers is not
sufficient to establish an impermissible promise in this context.  According to appellant’s affidavit, the
officers stated that appellant could get
less time if he cooperated; they did not promise that he would receive leniency
in exchange for a confession.  We find no
substance to appellant’s allegations of an involuntary confession procured
through coercion and cannot say the trial court erred in denying the motion for
new trial on grounds of ineffective assistance of counsel.

5.  Other Factors

            The
remainder of appellant’s allegations, collectively argued as “other factors
impacting the voluntariness,” have no support in the
motion for new trial evidence.  Among
these “other factors” are:  appellant
thought his father would be present during his questioning by the officers; appellant
was never told how much time he could serve for the charged offenses; and
appellant was not advised that he could be certified as an adult.  

            We
begin by noting that under the Family Code there is no requirement that
appellant’s father accompany him during questioning by the officers.  See Tex. Fam. Code § 51.095.  In his affidavit, appellant stated that he
“thought [his] dad would be able to come with [him and the officers] and be
there with [him] when the officers talked to [him].”  Likewise, appellant’s father stated that he
would not have signed the form allowing police to take appellant for
questioning had he known he could not accompany him.  Further, his father claimed that had he been
with appellant, he would never have allowed him to make a statement and would
have ensured appellant invoked his right to counsel.  At the hearing on the motion for new trial,
appellant’s counsel argued:

Specifically, it is also
clear that the defendant’s father believed – whether or not he had a good faith
belief, he was entitled to accompany the detective in this case to the police
substation . . . to be present while the defendant was interrogated, I believe
is of little moment.  What matters . . .
is that the defendant believed that his father would be going with him . .
.  And had he known or realized that his
father would not accompany him, he would have exercised both his right to
silence and his right to counsel as the defendant made clear in his affidavit
and as the defendant’s father makes clear in his.

 

Again, the trial court was entitled to disbelieve
appellant’s father’s statements, and indeed, entitled to conclude that he was
not being truthful by failing to support his affidavit with live testimony.[3]  See Kober, 988 S.W.2d at 234.

            We
note that allowing access to a family member weighs in favor of voluntariness.  See Pace v. State, 986 S.W.2d 740, 747
(Tex. App.—El Paso 1999, pet. ref’d).  However, nowhere in appellant’s affidavit
does he contend that he requested his father be present.  Thus, even assuming appellant’s father’s
allegations were true, it does not establish that appellant’s statement was
involuntary.  See Cammon v. State, 672 S.W.2d 845,
848–49 (Tex. App.—Corpus Christi 1984, no writ) (noting that confession was not
involuntary because a family member was not present inasmuch as defendant never
requested their presence).  Here, there
is no evidence in the record to suggest that appellant was denied access to his
father.

            As to
the contention that he was not advised he could be certified as an adult or
told of how much time he could serve for the charged offenses if certified,
appellant concedes that such warnings are not required by the Family Code.  Again, applying the deferential standard, we
cannot say the trial court erred in overruling appellant’s motion for new
trial based on ineffective assistance of counsel on the grounds of appellant’s
“other facts.”

B.  Deference to the Trial
Court

            Considering
the foregoing, we cannot say that appellant’s trial counsel offered erroneous
advice, as there was no viable legal basis for suppression of the written
statement.  Considering the great
deference to be given the trial court’s determination of historical facts, and
faced with the fact that without appellant and his father’s affidavits there is
nothing in the record to suggest that appellant’s guilty plea was involuntary,
we are not in a position to disturb the trial court’s ruling on the motion for
new trial.  Cf. Fimberg v. State, 922 S.W.2d 205, 208 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d).  Having reviewed the evidence and the affidavits,
we cannot say that the statements were involuntarily made.  Id.  Therefore, the first prong of the Strickland test has not been
satisfied.  Id.

            Accordingly,
appellant’s second point of error is overruled.

C.  Independent Investigation
by Attorney

            In
his related first point of error, appellant contends that he was denied
effective assistance of counsel when his counsel failed to adequately
investigate the aforementioned facts and circumstances surrounding his written
statement and failed to file a motion to suppress.  Counsel has a duty to independently
investigate the facts of the case.  McFarland v. State, 928 S.W.2d 482, 501
(Tex. Crim. App. 1996).  A criminal defense lawyer has the
responsibility to conduct a legal and factual investigation and to seek out and
interview potential witnesses.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990).  Indeed, a defense lawyer
must have a firm command of the facts of the case, as well as governing law,
before he can render reasonably effective assistance of counsel.  Ex parte Ybarra, 629 S.W.2d 943, 946 (Tex. Crim. App. 1982).  We
assess counsel’s purported decision not to investigate for “reasonableness in
all the circumstances, applying a heavy measure of deference to counsel’s
judgments.”  McFarland, 928 S.W.2d at 501. 
We will not reverse a conviction unless the only viable defense
available to the accused is not advanced and there is a reasonable probability
that but for counsel’s failure to advance the defense, the result of the
proceeding would have been different.  Pinkston v. State, 744 S.W.2d 329, 332
(Tex. App.—Houston [1st Dist.] 1988, no pet.).

            Appellant
argues that had Hardeway independently investigated
the facts surrounding the written statement, he would have discovered the aforementioned
grounds for seeking suppression of the written statement.  To establish ineffective assistance, an
appellant must prove that had a motion to suppress been pursued, it would have
been granted.  See Jackson v. State, 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998); Pipkin v. State,
997 S.W.2d 710, 

 class=Section7>

712 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).[4]  We have already addressed the grounds for
suppression articulated by appellant and concluded that they are without
merit.  Therefore, appellant cannot
establish ineffective assistance of counsel in this case because he cannot
establish that the motion to suppress, if pursued, would have been granted.

            Furthermore,
appellant raised his claim of ineffective assistance for the first time in his
motion for new trial and supported his claims with the aforementioned
affidavits.  The trial court was free to
disbelieve the testimony of affiants who refused to support their accounts with
live testimony.  Manzi, 88 S.W.3d at 243–44; Kober, 988 S.W.2d
at 234.  Without appellant’s affidavits,
there is no reason to believe that any further investigation by defense counsel
would have dissuaded appellant from pleading guilty.  Indeed, if the trial court disbelieved the
testimony of the affiants, then it may have concluded that any additional
investigation by the attorney would have not yielded such information.  Thus, even if appellant could satisfy the
first prong of the Strickland test,
he cannot establish prejudice.  See Strickland, 466 U.S. at 698; Kober, 988 S.W.2d
at 233.

            Appellant’s
first point of error is overruled.

IV.  Conclusion

            Finding
no error, we overrule appellant’s two points of error and affirm the judgment. 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 3, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 











            [1]  The prosecutor, however, testified at the
hearing on appellant’s motion for new trial. 
He stated that he had dealt with Hardeway
throughout the course of his representation of appellant and observed Hardeway as he sat with his client.  According to the prosecutor, Hardeway asked questions and fully investigated the State’s
file.  The trial court overruled
appellant’s objection to the prosecutor’s statements and appellant has not
challenged that ruling on appeal. 
However, appellant does argue that the prosecutor could not properly
testify as a witness at the hearing on the motion for new trial.  See Tex. Disciplinary R. Prof’l
Conduct 3.08, reprinted in Tex. Gov’t Code,
tit. 2, subtit. G app. A.  Rule 3.08 provides that a lawyer shall
generally not accept or continue employment in an adjudicatory proceeding if he
believes that he may be a necessary witness to establish an essential fact on
behalf of his client.  Id.  In
this context, the principal concern is the possible confusion for the trier of fact as to whether statements by an
advocate-witness should be taken as evidence or argument.  Id. at cmt. 4.  We note,
however, Rule 3.08 operates to disqualify lawyers from acting as counsel, not
as witnesses.  House v. State, 909 S.W.2d 214, 217 (Tex. App.—Houston [14th Dist.]
1995), aff’d,
947 S.W.2d 251 (Tex. Crim. App. 1997).  Rule 3.08 is an ethical, not an evidentiary,
rule.  See id.





            [2]  As noted, appellant offered only affidavits
in support of his motion.  None of the
affiants supported their statements with live testimony.  In Manzi, the Texas Court of Criminal Appeals emphasized that
we are to apply a deferential standard of review of the trial court’s
resolution of historical facts when they are, as here, based upon conflicting
affidavits.  Manzi, 88 S.W.3d at 242–43.  





            [3]  We also note that appellant did not state in
his affidavit he would not have waived any of his rights had his father been
present at the interrogation.





            [4]  We note that failure to file a suppression
motion does not constitute per se ineffective assistance of counsel.  Kizzee v. State,
788 S.W.2d 413, 415 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d).